IN THE UNITED STATES DISTRICT COURT

THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARCUS HENDERSON, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 13-713-SLR ) |
| CORRECT CARE SOLUTIONS, LLC, | ) ) |
| Defendant. | ) ) ) |

Marcus Henderson, Georgetown, Delaware. Pro se.

Daniel A. Griffith, Esquire of Whiteford Taylor & Preston LLC, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: May 22, 2014
Wilmington, Delaware

**ROBINSON, Judge**

## I. INTRODUCTION

Plaintiff Marcus Henderson ("plaintiff") is a Delaware prison inmate housed at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware at all times relevant to his claim. On April 24, 2013, plaintiff filed a complaint and motion to proceed in forma pauperis pursuant to 42 U.S.C. § 1983 against Correct Care Solutions, LLC ("defendant"), alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. (D.I. 1; D.I. 2) The court granted plaintiff's motion to proceed in forma pauperis on May 10, 2013. (D.I. 6) Plaintiff subsequently returned the requisite payment authorization on May 16, 2013. (D.I. 7) Defendant filed an answer to the complaint on September 17, 2013. (D.I. 13) Plaintiff did not serve any discovery requests upon defendant before the close of discovery on January 27, 2014. (D.I. 15; D.I. 22 at 1) Currently before the court is defendant's motion for summary judgment on all claims pursuant to Fed. R. Civ. P. 56(a). (D.I. 21)

## II. BACKGROUND

Defendant has provided medical services to prison inmates in the State of Delaware since July 10, 2010. (D.I. 22 at 1, 2) Plaintiff contends that defendant wrongfully prescribed him medications, which caused him to cough up blood and caused bleeding from his rectum. (D.I. 2 at 3) Plaintiff further contends that defendant's actions are part of a pattern of deliberately interfering with the serious medical needs of inmates. Plaintiff experienced the above bleeding symptoms between October 6, 2012 and October 8, 2012. (D.I. 1 at 3) Following a bleeding incident, plaintiff was taken to Beebe Medical Center on October 8, 2012 for treatment, where he

was stabilized with IV hydration. (D.I. 22, ex. A) Plaintiff then underwent an upper endoscopy on the morning of October 9, 2012, which revealed a 1 cm pre-pyloric antral ulcer, which was nonbleeding and had no bleeding stigmata. (*Id.*) Plaintiff was diagnosed with a gastrointestinal bleed, a gastric ulcer, duodentitis, anemia, and hypovolemia, and was discharged from the hospital on October 9, 2012. (*Id.*) He was advised to avoid any non-steroidal anti-inflammatory drugs (NSAIDs), which he had been taking for his chronic back pain. (*Id.*) Plaintiff received follow-up treatment at Nanticoke Gastroenterology, P.A. in Seaford, Delaware on November 2, 2012, where he was cleared for a second upper endoscopy to examine the status of his gastric ulcer. (*Id.*) He underwent his follow-up procedure at Seaford Endoscopy Center in Seaford, Delaware on January 9, 2013. (*Id.*) Defendant contends that there is no evidence to show that it is responsible for plaintiff's medical condition. (D.I. 22 at 2)

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has

demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court will not grant the entry of summary judgment without considering the merits of defendant's unopposed motion. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that a district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed).

## IV. DISCUSSION

Plaintiff alleges that defendant violated his constitutional rights when it wrongfully prescribed him medication that caused his bleeding symptoms and then subsequently failed to provide him with appropriate medical treatment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97 (1976). In order to set forth a cognizable claim, an inmate must allege (1) a serious medical need and

(2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "[A] prisoner's claim of deliberate indifference to a serious medical need requires expert testimony when the seriousness of the injury or illness would not be apparent to a lay person." *Heath v. Shannon*, 442 F. App'x 712, 716 (3d Cir. 2011). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid such harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104–05. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138–140 (2d Cir.2000)).

Plaintiff failed to conduct any discovery, and consequently failed to develop any evidence to support the necessary elements of his Eighth Amendment claim. The record shows that plaintiff received medical treatment for his bleeding symptoms, as well as follow-up treatment to manage his gastric ulcer. Absent evidence to the contrary, there is no indication that defendant intentionally delayed or denied plaintiff's access to medical care. Further, plaintiff has introduced no evidence to prove that defendant caused his bleeding by prescribing him inappropriate medications, or that defendant had any knowledge of his ulcer prior to the bleeding incident. A lay person is not equipped to conclude what role, if any, prescribed medications played in his illness, and plaintiff did not offer any expert testimony to prove that defendant's conduct was a proximate cause of his claimed injury. Similarly, plaintiff failed to put forward any

5

evidence to support his claim that his incident was part of a pattern of defendant's deliberate indifference to SCI inmates' serious medical needs. While plaintiff stated in his complaint that what happened to him has happened to other inmates, he has offered no evidence to support his allegations. The court concludes that there is no evidence, expert or otherwise, to indicate deliberate indifference. Accordingly, the court dismisses all claims against defendant.

## V. CONCLUSION

For the foregoing reasons, the court grants defendant's motion for summary judgment. (D.I. 21) An appropriate order shall issue.